**In the Matter of George J. LUDDINGTON.**

**No. 49S00–9912–DI–700.**

Supreme Court of Indiana.

Feb. 23, 2001.

No appearance for respondent.

Donald R. Lundberg, Executive Secretary, Greg Anderson, Staff Attorney, Indianapolis, IN, for Indiana Supreme Court Disciplinary Commission.

## DISCIPLINARY ACTION

### PER CURIAM

Due to his conviction of the crime of conversion and his repeated failure to respond to the Disciplinary Commission's demands for response to grievances filed against him, Respondent George J. Luddington will be suspended from the practice of law for at least nine months.

This case commenced with the Commission's filing of a two-count verified complaint for disciplinary action, the first count concerned with the respondent's conviction of conversion of state property, the second regarding his failure to respond to the Commission's demands for information. This Court appointed a hearing officer who has conducted evidentiary hearing and who, based upon that hearing, has provided to us his findings of fact and conclusions of law. The hearing officer found misconduct as charged in the verified complaint.[1] This matter is now before us for final disposition.

Under Count I, we now find that the respondent was employed as a field examiner with the Indiana State Board of Accounts (the "Board") beginning in about October 1997. On October 7, 1998, he was terminated from that employment for being absent from work for a period of two or three days. At the time the respondent was fired, Board officials asked him to make arrangements to return to the Board all of the property belonging to the Board that was in his possession, including a computer and supplies. On October 13, 1998, the respondent tendered a resignation to the Board, at which time he was again instructed to return to the Board its property by October 22, 1998. At that time, it was determined that the respondent possessed a notebook computer, computer supplies and disks, a calculator, manuals, and general office supplies. October 22, 1998 passed without the return of the items to the Board. On November 10, 1998, the Board contacted the Indiana State Police to ask an officer to assist the Board in retrieving the items. On November 16, 1998, an Indiana State Police officer and an agent of the Board visited the respondent at his residence and demanded that he return the computer and office equipment. The respondent refused to return the items that day, instead advising them that he would bring the items to the Board's office the following day. The respondent failed to return the items the next day. He was charged in Marion Superior Court with criminal conversion, a class A misdemeanor, on November 20, 1998, for exerting unauthorized control of the Board's property. He returned the items to the Board the following day. On September 24, 1999, the respondent was convicted of criminal conversion.

On December 28, 1998, and again on May 3, 1999, the Commission demanded a response within twenty days, pursuant to Admis.Disc.R. 23(10)(2),[2] to a grievance it had filed against him. The respondent failed to comply with either demand.

Under Count II, we now find that on January 26, 2000, and again on February 17, 2000, the Commission demanded from the respondent a response to another

---

**1.** The verified complaint alleges violations of Ind.Professional Conduct Rules 8.4(b), 8.4(c), and 8.1(b), *infra*.

**2.** That rule provides, in relevant part:
  If the Executive Secretary determines that [a grievance] does raise a substantial question of misconduct, [the Executive Secretary shall] send a copy of the grievance by certified mail

to the attorney against whom the grievance is filed (hereinafter referred to as "the respondent") and shall demand a written response. The respondent shall respond within twenty (20) days, or within such additional time as the Executive Secretary may allow, after the respondent receives a copy of the grievance.

grievance that had been submitted against him. The respondent failed to respond to the Commission's demands.

Indiana Professional Conduct Rule 8.4(b) provides that it is professional misconduct for a lawyer to commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer in other respects. Offenses involving violence, dishonesty, or breach of trust, or serious interference with the administration of justice indicate a lack of characteristics relevant to law practice. *Comment* to Prof.Cond.R. 8.4. Professional Conduct Rule 8.4(c) provides that it is professional misconduct for a lawyer to engage in conduct involving dishonesty, fraud, deceit, or misrepresentation. The crime of conversion is one involving dishonesty, and, accordingly, implicates one's fitness as a lawyer. The respondent's commission of the crime of conversion therefore violated Prof.Cond.R. 8.4(b) and (c).

Professional Conduct Rule 8.1(b) provides that a lawyer shall not knowingly fail to respond to a lawful demand for information from a disciplinary authority. The respondent four times failed to respond to the Commission's demands, made pursuant to supreme court rule, for responses to grievances filed against him. Accordingly, we find that he violated the rule.

In assessing proper sanction for the respondent's misconduct, we note not only the respondent's criminal activity, but his consistent disregard for the authority of the Commission. While the crime of conversion implicates his fitness as one who can be trusted to fulfill the various duties the practice of law entails, his lack of response to the Commission demonstrates directly his inability to satisfy even rudimentary professional obligations. Accordingly, we conclude that a significant period of suspension is warranted, with reinstatement conditioned upon his demonstration of fitness for practice.

It is, therefore, ordered that the respondent, George J. Luddington, is hereby suspended from the practice of law for a period of not fewer than nine (9) months, beginning March 31, 2001, at the conclusion of which any reinstatement must be conditioned upon successful petition before this Court pursuant to Admis.Disc.R. 23(4).

The Clerk of this Court is directed to provide notice of this order in accordance with Admis.Disc.R. 23(3)(d) and to provide the clerk of the United States Court of Appeals for the Seventh Circuit, the clerk of each of the United States District Courts in this state, and the clerks of the United States Bankruptcy Courts in this state with the last known address of respondent as reflected in the records of the Clerk.

Costs of this proceeding are assessed against the respondent.

SHEPARD, C.J., and DICKSON, SULLIVAN, BOEHM, JJ., concur.

RUCKER, J., dissents on grounds that the sanction is too severe.